UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK F. GILLEY,<br><br>              Plaintiff,<br><br>     v.<br><br>FISHER,<br><br>              Defendant. | No. 1:21-cv-00468 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FOR PLAINTIFF'S FAILURE TO KEEP THE COURT APPRISED OF HIS CURRENT ADDRESS<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey a court order and for the failure of Plaintiff to keep the Court apprised of his current address. Plaintiff will have fourteen days to file objections to this order.

I.     RELEVANT FACTS

On April 20, 2023, Plaintiff's first amended complaint was screened and he was given the option of either standing on it or filing an amended complaint. See ECF No. 10 at 13. Thereafter,

1

1  on May 19, 2023, Plaintiff's second amended complaint was docketed. ECF No. 11.

2  On August 23, 2023, Plaintiff filed a notice of change of address with the Court. ECF No.
3  12. The address provided by Plaintiff indicated that Plaintiff was no longer incarcerated. See id.
4  As a result, on March 11, 2025, Plaintiff was ordered to file a non-prisoner application to proceed
5  in forma pauperis and to do so within twenty-one days. See ECF No. 13 at 2.

6  On March 21, 2025, the Court's order was returned to it marked "Undeliverable, Not
7  Deliverable as Addressed; Unable to Forward." To date, Plaintiff has not filed a new notice of
8  change of address, nor responded the Court's order or requested an extension of time to do so.

9  II.   APPLICABLE LAW

10  A.   Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

11  Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails
12  to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110
13  also permits the imposition of sanctions when a party fails to comply with a court order. L.R.
14  110.

15  Local Rule 182(f) permits service to be effective service at a prior address if a party fails
16  to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a
17  party who appears in propria persona a period of time to file a notice of change of address if some
18  of his mail is returned to the Court. Id.

19  B.   Malone Factors

20  The Ninth Circuit has clearly identified the factors to consider when dismissing a case for
21  failure to comply with a court order. It writes:

22

23  A district court must weigh five factors in determining whether to dismiss a case
for failure to comply with a court order: "(1) the public's interest in expeditious
24  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
prejudice to the defendants; (4) the public policy favoring disposition of cases on
25  their merits; and (5) the availability of less drastic sanctions."

26

27  Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.
28  Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

    A. Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copy of the order which directed him to file a non-prisoner in forma pauperis application with the Court was returned, Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The fact that Plaintiff failed to file a notice of change of address with the Court by itself warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

    B. Application of Malone Factors Supports the Dismissal of This Case

        1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address with the Court as well as file a non-prisoner in forma pauperis application. Yet, he has failed to do either. Nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court or file a non-prisoner application to proceed in forma pauperis is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change of address[2] since its order directing Plaintiff to file a notice of current address with the Court issued, without the filing of a notice of new address by Plaintiff, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor can it be disposed of on its merits.

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey a court order and for Plaintiff's failure to keep the Court apprised of his current address. Despite the fact that Plaintiff cannot be located and that no viable Defendants have been identified and served, a period of fourteen days will be given for Plaintiff to file objections to this order. However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge that will be assigned to this action may dismiss it immediately.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

---

[2] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

4

District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for Plaintiff's failure to obey a court order and for his failure to keep the Court apprised of his current address. <u>See</u> Fed. R. Civ. P. 41(b); Local Rules 110 and 183(b).

These findings and recommendations are submitted to the United States District Judge that will be assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. <u>See</u> <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 28, 2025**                    /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

5